A92A1143, A92A1237. STATE OF SOUTH CAROLINA et al. v.
REEVES (two cases).
(423 SE2d 32)

McMURRAY, Presiding Judge.

Debra Dawkins Reeves, as the administratrix of the estate of Randall Reeves (plaintiff Reeves), filed a complaint against the State of South Carolina and the South Carolina Department of Corrections in the Superior Court of Lincoln County, Georgia, alleging that negligent acts and omissions of employees at McCormick Correctional Institute in McCormick County, South Carolina ("the prison") enabled inmate Johnny Jones ("the prisoner") to escape into Georgia and fatally wound plaintiff Randall Reeves. Debra Dawkins Reeves, as next friend of Elizabeth Leigh Drew (plaintiff Drew), filed a separate complaint against the State of South Carolina and the South Carolina Department of Corrections in the Superior Court of Lincoln County, alleging that negligent acts and omissions of employees at the prison enabled the prisoner to escape into Georgia and seriously injure Elizabeth Leigh Drew.[1] The State of South Carolina and the South Carolina Department of Corrections denied the material allegations of the complaints and filed motions for summary judgment, challenging (in pertinent part) personal jurisdiction under the Georgia Long-Arm Statute.

The trial court consolidated the cases for purposes of summary judgment and entered an order denying the motions for summary judgment, finding (in pertinent part) that the "contacts" requirement

---

[1] Plaintiffs also sued William Mitchell, naming him as a defendant in both complaints. However, Mitchell is not a party to the cases sub judice because plaintiffs dismissed their claims against him before entry of the orders from which these appeals arose.

of the Georgia Long-Arm Statute (OCGA § 9-10-91) is satisfied because defendants "transact business in Georgia, at a minimum in the form of tourism solicitation [and receive] revenue from taxpayers who live in Georgia, but work or own property in South Carolina." The State of South Carolina and the South Carolina Department of Corrections then filed applications for interlocutory appeal. These direct appeals followed orders granting the applications for interlocutory appeal. Both appeals are supported by the same enumeration of errors and briefs and involved virtually identical issues. Consequently, the cases have been consolidated for the purpose of this opinion. *Held*:

1. The State of South Carolina and the South Carolina Department of Corrections contend the trial court lacks personal jurisdiction because insufficient contacts exist between Georgia and South Carolina to satisfy the "contacts" requirement of the Georgia Long-Arm Statute.

"The Georgia Long-Arm Statute is different from the corresponding statute in some other states because it 'requires that an out-of-state defendant . . . do certain acts within the State of Georgia before [a nonresident defendant] can be subjected to personal jurisdiction.' *Gust v. Flint*, 257 Ga. 129, 130 (356 SE2d 513) (1987)." *McDonnell v. Roy E. Beatty & Assoc.*, 203 Ga. App. 807, 808 (1) (418 SE2d 95). Specifically, subsection (3) of OCGA § 9-10-91 provides that a nonresident defendant may only be haled into a Georgia court to answer for "tortious injury which occurred in this state [and which was] caused by an act or omission of the defendant outside the state [if the] defendant 'regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. . . .' OCGA § 9-10-91 (3)." *McDonnell v. Roy E. Beatty & Assoc.*, 203 Ga. App. 807, 808 (1), supra.

In *Shellenberger v. Tanner*, 138 Ga. App. 399 (227 SE2d 266), this Court enumerates "three 'rules' by which to judge the power of a forum state to exercise jurisdiction over a nonresident defendant. They are (1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum. . . . (2) The plaintiff must have a legal cause of action against the nonresident, which *arises out of, or results from, the activity or activities of the defendant within the forum*; and (3) If (and only if) the requirements of Rules 1 and 2 are established, a 'minimum contact' between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of 'fair play' and 'substantial justice.'" (Emphasis supplied and footnotes omitted.) *Shellenberger v. Tanner*, 138 Ga. App. 399, 401 (1), 404, supra.

In the cases sub judice, plaintiffs instituted these actions against

the State of South Carolina and the South Carolina Department of Corrections for negligent acts and omissions relating to the operation of the prison. These claims neither arise out of, nor result from, South Carolina's "tourism solicitation [and] revenue from taxpayers who live in Georgia, but work or own property in South Carolina." Further, we are directed to no evidence that "contacts" exist between South Carolina and Georgia which relate to plaintiffs' claims against the State of South Carolina and the South Carolina Department of Corrections. In this vein, there is no evidence that maintenance and operation of the prison involves solicitation of business in Georgia or engagement of conduct in Georgia; there is no evidence that maintenance and operation of the prison results in substantial revenue to the State of South Carolina or the South Carolina Department of Corrections from goods used or consumed in Georgia and there is no evidence that maintenance and operation of the prison involves services rendered in Georgia. Under these circumstances, we cannot say that sufficient "contacts" exist between Georgia and South Carolina within the meaning of OCGA § 9-10-91 (3) to authorize personal jurisdiction over the State of South Carolina and the South Carolina Department of Corrections. *Shellenberger v. Tanner*, 138 Ga. App. 399, 401 (1), 404, supra. To say otherwise would result in an unconstitutionally broad construction of Georgia's Long-Arm Statute. See *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U. S. 408 (104 SC 1868, 80 LE2d 404). Consequently, the trial court erred in exercising personal jurisdiction over the State of South Carolina and the South Carolina Department of Corrections.

The cases sub judice are remanded and the trial court is directed to enter orders dismissing plaintiffs' complaints for lack of personal jurisdiction.

2. It is unnecessary to address the remaining enumerations of error in light of the holding in Division 1 of this opinion.

*Judgments reversed and cases remanded. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 21, 1992 —
RECONSIDERATION DENIED OCTOBER 1, 1992 —

*Allgood & Daniel, Robert L. Allgood*, for appellants.
*Stanley G. Jackson*, for appellee.